UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,                                             06-MR-77E

    -vs-                                                                    MEMORANDUM
                                                                                                                          and
ROBERT SUBER,                                                         ORDER[1]
          Defendant.

---

On October 19, 2005 defendant Robert Suber ("Suber") was charged in a criminal Complaint with a single count of failure to pay child support in violation of 18 U.S.C. §228.[2] On May 23, 2006 Suber entered his consent to proceed before United States Magistrate Judge Leslie G. Foschio and, pursuant to a plea agreement with the government, pled guilty to a one-count misdemeanor Information charging the aforementioned violation of 18 U.S.C. §228. Under the terms of his plea agreement, Suber acknowledged that the United States Sentencing Guidelines did not apply to his case and that the maximum penalty that could be imposed upon him was six months' incarceration, a fine of up to $5,000 and a one-year period of supervised release. Suber agreed to waive his right to appeal any sentence imposed within those terms.

On August 1, 2006 Suber was sentenced by Magistrate Judge Foschio to six months' imprisonment and was ordered to pay restitution in the amount of

---

[1] This decision may be cited in whole or in any part.

[2] The government alleged that Suber had willfully failed to pay $56,935.22 in support for two of his children, Ashleagh and Katlyn.

$39,615.72. Suber filed a Notice of Appeal of the sentence to this Court on September 26, 2006 arguing that the sentence of imprisonment imposed by the Magistrate Judge was unreasonable because it was greater than necessary to achieve its ends and because it was greater than that imposed on others convicted of the same charge.

In response to Suber's appeal, on November 1, 2006 the government filed a Motion to Dismiss the Appeal arguing that, in his plea agreement, Suber had waived his right to appeal the sentence.  In reply, Suber now argues that his waiver of appeal is void due to violations of his due process and equal protection rights.  Suber contends that he was provided insufficient notice of and opportunity to respond to a letter written to the Court by Jodie Suber, his children's mother, in which she falsely asserted that he had made no child support payment since May 2006.  Suber further argues that, unlike other persons who fail to pay child support, he has been singled out for prosecution and imprisonment in violation of his equal protection rights.

A waiver of the right to appeal knowingly and voluntarily made is enforceable. *See United States* v. *Djelenic*, 161 F.3d 104, 106-07 (2d Cir. 1998); *see also*, *United States* v. *Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).  However, where a defendant's constitutional rights have been violated, the waiver may not be enforced. For example, the Second Circuit has held that a waiver may be avoided when the defendant alleges that a constitutionally impermissible consideration — *e.g.*, race or naturalized status — was a factor in the sentence.  *See United States* v. *Rosa*, 123

F.3d 94 ,98 (2d Cir. 1997)(*citing United States* v. *Jacobson*, 15 F.3d 19 (2d Cir. 1994)). Suber does not argue here that an impermissible factor played a role in determining his sentence, but rather that the Court denied him due process and equal protection by failing to provide him full opportunity to present evidence in support of his position at sentencing and by sentencing him more harshly than others convicted of the same offense. The Court concludes that the circumstances presented here do not rise to the level of a Constitutional violation.

Suber argues that the Magistrate Judge denied him due process by failing to provide him with an opportunity to refute the accusations contained in Jodie Suber's letter[3] which he received only four days prior to sentencing, and by failing to consider evidence he provided indicating that the child support records from Duval County, Florida[4], and the Pre-Sentence Investigation Report which relied on those records, were erroneous in that the records failed to note several child support payments which had been deducted from his wages.[5] Suber charges that the Magistrate Judge

---

[3] In her letter dated June 24, 2006, Jodie Suber claimed to have received no child support payments from Suber after May 2006.

[4] Although the children who are the subject of the support orders which form the basis for the charge are residents of New York, Suber has a third child in Florida for whom an order of support has also been issued. Suber, who had resided in Duval County, was to make his support payments to Duval County which then forwarded payments to Chautauqua County, NY for his children here.

[5] Suber provided to the Court a copy of one earnings statement from November 15, 2005 which indicates that child support in the amount of $238.34 was withheld from his paycheck. Suber claims that Duval County had no record of such withholding.

failed to consider such information despite his raising the issue in his Statement with Regard to Sentencing Factors ("Sentencing Statement") and at sentencing.[6]

The record reflects that Suber and counsel were permitted at sentencing to dispute the allegations contained in Jodie Suber's letter. Counsel argued at length that Suber had made additional support payments to Jodie Suber after May 2006. Counsel has provided this Court with documentation which, Suber contends, demonstrates that he made such additional payment.[7] Suber also argued, extensively, that the Duval County records are incomplete. Suber had ample opportunity at sentencing to make his argument. While Suber may now believe that he then could have or should have presented additional information or made additional arguments, Suber could have done so at sentencing or could have

---

[6] The Court notes that — contrary to Suber's argument — Suber's Sentencing Statement contains *no* assertion that the Duval County records are inaccurate. His Sentencing Statement indicates only an objection to the Probation Officer's characterization of his payment history as sporadic. Furthermore, Suber's Sentencing Statement also alleges that he made additional payments directly to Donna Suber, the mother of his third child, but does not allege any additional payments directly to Jodie Suber, the mother of the children at issue here.

[7] This documentation consists of a money order receipt dated July 5, 2006 in the amount of $450.00. There is no indication that it was issued to Suber or on his behalf. Nor is there any evidence that the money order was provided to Jodie Suber. There is only a handwritten notation indicating that it is for "child support." Moreover, as the money order was issued on July 5, 2006, Suber had ample time to provide the receipt to his attorney prior to the submission of his Sentencing Statement (which was filed on July 13, 2006) and prior to the August 1, 2006 sentencing. At sentencing, counsel acknowledged that she had asked Suber to provide additional supporting documentation but that he failed to provide any until he arrived in Buffalo for sentencing.

requested an adjournment in order to supplement the record prior to sentencing.[8] The Court does not find any due process violation in these circumstances.

Suber also argues that his equal protection rights were violated by the sentence imposed because he has been sentenced to imprisonment while others have not been. In support of his claim, Suber cites to the single case of *United States* v. *Brown*, 05-M-2112 (W.D.N.Y. 2005). Suber asserts that, despite owing over $75,000 in child support, Brown was sentenced by Magistrate Judge Hugh B. Scott to five years' probation. This citation to a single case in which another defendant was treated more leniently is insufficient to demonstrate an equal protection violation.[9]

As the Court finds no Constitutional violation which would void the appeal waiver, the Court declines to further consider the appeal as Suber waived his right to appeal any sentence equal to or less than six months' imprisonment. Accordingly, the government's Motion to Dismiss the Appeal is granted and Suber's appeal is denied.

DATED:    Buffalo, N.Y.

         February 11, 2007

                                        */s/ John T. Elfvin*
                                        JOHN T. ELFVIN
                                        S.U.S.D.J.

---

[8] Counsel notes that she did not request an adjournment of the sentencing because by the time Jodie Suber's letter was received, Suber had already made arrangements to travel to Buffalo for sentencing.

[9] *Compare United States* v. *Mattice*, 22 F. Supp. 2d 49 (W.D.N.Y. 1998), *aff'd*, 186 F.3d 219 (2d Cir. 1999) (upholding sentence imposed by Magistrate Judge Feldman of 90 days' imprisonment followed by one year of supervised release and restitution in the amount of $57,271.28).